[Crim. No. 208. Third Appellate District.—July 2, 1913.]

## THE PEOPLE, Respondent, v. M. BERETONI, Appellant.

CRIMINAL LAW—EVIDENCE—DEPOSITION AT PRELIMINARY EXAMINATION —RECORD ON APPEAL.—Where a defendant assigns error at the trial in the admission of evidence of the deposition of a witness taken at the preliminary examination, because the deposition was not certified properly, it is his duty to incorporate the certificate in the record in order that its sufficiency or insufficiency may be determined. The burden is on him, not on the prosecution, to show error if there was any.

ID.—LIQUOR ORDINANCE—PROSECUTION FOR VIOLATING—EVIDENCE.—In a prosecution for conducting a place where alcoholic liquors are sold in violation of an ordinance, it is proper to refuse to allow the defendant to show, by questions to a witness which are not specific, the existence of other places in the immediate neighborhood where alcoholic liquors were sold and distributed, in rebuttal of evidence that men were seen coming from the direction of defendant's house in an intoxicated condition.

APPEAL from a judgment of the Superior Court of Yolo County. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

Julian & Gibbs, for Appellant.

U. S. Webb, Attorney-General, J. Chas. Jones, Deputy Attorney-General, and A. G. Bailey, District Attorney, for Respondent.

CHIPMAN, P. J.—Defendant was convicted of violating an ordinance of the city of Woodland, passed under the Local Option Law, prohibiting the keeping and conducting a place where alcoholic liquors are sold, the said city being incorporated and no-license territory. The appeal is from the judgment on the verdict.

Defendant urges but two grounds for the reversal of the judgment:

First. That the court erred in admitting in evidence the deposition of the witness Joe Monico; and,

Second. That the court erred in refusing to allow defendant to show the existence of other places in the immediate neighborhood where alcoholic liquors were sold and distributed, in rebuttal of evidence that men were seen coming from the direction of defendant's house in an intoxicated condition.

1. After having sufficiently made the preliminary proof of failure to find the witness Monico within the jurisdiction of the court, the record shows as follows: "Mr. Bailey (prosecuting attorney) : We now offer to read in evidence the testimony of the witness Joe Monico at the preliminary examination before Hon. J. E. Strong, justice of the peace sitting as committing magistrate in the case of the People of the State of California, plaintiff, *v.* M. Beretoni, defendant, myself appearing for the prosecution and Julian & Gibbs appearing as attorneys for the defendant and cross-examining the witness. The Court: Is it duly certified? Mr. Bailey: Duly certified."

The grounds of objection were that "the deposition was never certified," that it "has no proper certificate," that it "appears to be in a different form from the one which was originally filed in the action," that "it has been improperly

withdrawn from the record," that it "has been changed and modified," that it "does not conform to the provisions of the statute," that "it is not a true or correct copy of the testimony taken."

It appeared that the reporter was appointed by the justice of the peace and no objection was made to his appointment. "The Court: The certificate shows he was sworn, but the question is whether the certificate would be evidence of that fact or not." A further objection was made, that the deposition "does not state the name of the witness, nor the place of residence, business or profession." Counsel for defendant stated that he would ask "to have the reporter called to show that he is not competent to act as reporter in this case," claiming that he could not object at the taking of the testimony at the preliminary examination and that "this is the proper time for the making of that objection as the certificate of the correctness of the transcript of the testimony is merely *prima facie* evidence. Mr. Bailey: That is part of the defendant's case. The Court: The deposition seems to be in accordance with law, and of course the defendant will have every opportunity to show if it is not, and if it is not, it will be stricken out. The objection will be overruled."

The deposition was then read: "Testimony of Joe Monico sworn for the prosecution. Mr. Bailey: Q. What is your name? A. Joe Monico." It then proceeds by question and answer, showing the examination in chief and cross-examination. Testimony of numerous witnesses was taken for the people and for defendant and both parties rested. Defendant did not offer to call the reporter to establish his objection to his qualifications. The record fails to show the certificate to Monico's deposition. There was no evidence and no attempt was made to show that there was no certificate to the deposition. On the contrary, it appears from what took place that there was a certificate. It seems to us that, such being the fact, it was defendant's duty to incorporate the certificate in the record in order that its sufficiency or insufficiency might be determined. The burden was on defendant and not on the prosecution to show error, if error there was. As was said in *People* v. *Buckley*, 143 Cal. 375, 382, [77 Pac. 169]: "It does not, however, follow that in this case there was error in admitting the deposition, for it must be assumed, upon the

record before us, that the transcript produced was duly certified by the reporter as being a correct statement of the testimony and proceedings." (*People* v. *Moran,* 144 Cal. 48, 61, [77 Pac. 777] ; Hayne on New Trial and Appeal, p. 1574; Id., 1582, note 6h.)

2. About a block distant from Beretoni's was a suspected "blind pig" kept by one Bertolucci. His house was "raided" the same night the officers made a like visitation of Beretoni's and for like purpose. Witness Murphy, a deputy sheriff, testified that the officers found some intoxicating liquors in Bertolucci's house—quite a variety of liquors, including wine, beer, and whisky. The witness was asked on cross-examination: "Did you go to Bertolucci's on a search warrant? Did you arrest Mr. Bertolucci? Did you get any admissions from Mr. Bertolucci? Did you secure any evidence against Bertolucci?" Objections to the relevancy, competency, and materiality of these questions were sustained. It does not appear that the witness went to Bertolucci's armed with a search warrant to look for intoxicating liquors. This warrant, if the witness had one, may have had reference to some other offense than keeping and disposing of intoxicating liquor. The questions as to his arrest and as to his admissions were not addressed to his having intoxicating liquors in violation of any ordinance. No objection was made to the evidence showing what the officers found at Bertolucci's. The further questions should have been more specific and should have pointed in some definite way to the fact, if it was the fact, that the intoxicated persons seen to have been coming from the direction of defendant's might have obtained their liquor from Bertolucci's place.

We discover no prejudicial error in the record and the judgment is, therefore, affirmed.

Hart, J., and Burnett, J., concurred.